UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS J. BUDZYNSKI,

    Appellant,

v.

MARK SHAPIRO,

    Appellee.
_____/

Case No. 16-cv-12983
Hon. Matthew F. Leitman

## ORDER AFFIRMING AUGUST 4, 2016, ORDER OF THE BANKRUPTCY COURT (DKT. # 64)

This is a puzzling bankruptcy appeal. The appeal arises out of the Chapter 7 bankruptcy of Debtor Larry Gideon ("Gideon"). Appellant Thomas J. Budzynski ("Budzynski") appeared in Gideon's bankruptcy proceedings as a creditor of Gideon. During those proceedings, a motion was filed to abandon certain real property owned by Gideon (the "Property") (and encumbered by certain liens) (the "Abandonment Motion"). (*See* Bank. Dkt. #43.) Appellee Mark H. Shapiro ("Shapiro"), the Trustee for Gideon's bankruptcy estate, opposed the Abandonment Motion (*see* Bank. Dkt. #45), and the Bankruptcy Court ultimately denied the motion (*see* Bank Dkt. #54).

Budzynski thereafter filed a motion in the Bankruptcy Court for authority to file a lawsuit against Shapiro (the "Motion for Authority"). (*See* Bank Dkt. #61.)

In the Motion for Authority, Budzysnki maintained that Shapiro wrongfully "refused to abandon the [P]roperty" and should be held to account for damages caused by that wrongful conduct. (*Id.* at 3.)  On August 4, 2016, the Bankruptcy Court denied the Motion for Authority *on the ground that authority was unnecessary.* (*See* Bank. Dkt. #64.)  The Bankruptcy Court explained that (1) it was the only forum in which Budzynski could sue Shapiro and (2) Budzynski did not need permission to file such a suit. (*See id.*)

Budzynski was apparently unwilling to take "yes" for an answer.  Instead of filing suit against Shapiro in the Bankruptcy Court as that court said he could do, Budzynski filed an appeal in this Court challenging the Bankruptcy Court's denial of the Motion for Authority. (*See* ECF #1.[1])  In his appeal, Budzynski asks the Court to "allow suit against" Shapiro. (ECF #5 at 9, Pg. ID 82.)  That request for relief is difficult to understand given that the Bankruptcy Court has already said that he *may* sue Shapiro.

Budzynski also asks this Court to hold "that suit against [Shapiro] is not required to be brought in bankruptcy court." (ECF #5 at 9, Pg. ID 82.)  But he cites *no* authority for that proposition.  Simply put, he has failed to show any error in the

---

[1] Budzynski did not appeal the Bankruptcy Court's Order denying the Abandonment Motion. (See Notice of Appeal, ECF #1.)

Bankruptcy Court's determination that he must sue Shapiro, if at all, only in the Bankruptcy Court.

The issues raised on appeal by Budzynski lack merit. Accordingly, **IT IS HEREBY ORDERED** that the August 4, 2016, Bankruptcy Court Order Denying Creditor Thomas J. Budzynski's Motion for Authority to Sue Trustee (Bank Dkt. #64) is **AFFIRMED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2016

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113